UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLER BUITRAGO SANCHEZ,<br><br>                                Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, San Diego, California; et al.,<br><br>                               Respondents. | Case No.: 25-cv-3024-BJC-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

      Before the Court is Cler Buitrago Sanchez's ("Petitioner") Motion for Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Respondents filed a response.  ECF No. 5.  For the reasons set forth below, the Petition is **GRANTED IN PART AND DENIED IN PART.**

      Petitioner is a native and citizen of Colombia.  ECF No. 1 at 7.  In December 2023, Petitioner entered the United States without inspection or valid entry documents.  *Id.* at 8. Upon entry, she presented herself to U.S. Border Patrol.  *Id.*  She was briefly detained, issued a Notice to Appear, and released on her own recognizance.  *Id.*  After her release,

1

Petitioner filed an application for asylum and obtained employment as a delivery driver. *Id.* On October 26, 2025, while delivering a package to Marine Corps Base Camp Pendleton, Petitioner alleges that she was prohibited from leaving the base, questioned extensively, and had her driver's license and employment authorization document confiscated. *Id.* at 9. Petitioner claims that she was detained on the base for approximately five hours. *Id.* Thereafter, officers from Immigration and Customs Enforcement ("ICE") arrived and arrested her. *Id.* Following her arrest, Petitioner was placed in immigration detention, where she has remained continuously detained since that date. *Id.*

On November 6, 2025, Petitioner filed a Petition for Writ of Habeas Corpus, asserting that this Court has proper jurisdiction over the petition and that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). ECF No. 1. On December 22, 2025, Respondents filed their response, acknowledging that "Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 6 at 2.

Section 1226(a) authorizes discretionary detention pending removal proceedings and provides for the possibility of release on bond. *See* 8 U.S.C. § 1226(a). Noncitizens detained under § 1226(a) are entitled to an individualized bond hearing before an Immigration Judge to determine whether continued detention is warranted. *See Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011).

Here, Respondents concede that Petitioner is detained under § 1226(a) and acknowledge that she is entitled to a bond hearing pursuant to that provision. ECF No. 6 at 2. Because Petitioner has not received an individualized bond hearing since her detention began two months ago, continued detention without such a hearing is a violation of due process. Therefore, habeas relief is appropriate.

//
///
//

2

25-cv-3024-BJC-BLM

Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Writ of Habeas Corpus is **GRANTED IN PART.**

2. Respondents are hereby **ORDERED** to immediately release Petitioner from the Otay Mesa Detention Center, subject to the same conditions previously imposed when she was released on her own recognizance.

3. Petitioner's request for additional injunctive relief set forth in the Prayer for Relief, ECF No. 1 at 30-31, is **DENIED**. [1]

4. The hearing scheduled for January 8, 2026, is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 23, 2025

                                                                                  _____
                                                                                  Honorable Benjamin J. Cheeks
                                                                                  United States District Judge

---

[1] In her prayer for relief, Petitioner requests an award of costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act. ECF No. 1 at 30. That request is **DENIED without prejudice**. Petitioner's counsel may submit an appropriate EAJA fee application by January 22, 2026.